IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOBBY J. DABBS, #705298,  Petitioner, | § § § | |
| v. | § | 3:12-CV-0597-L-BK |
| RICK THALER, Director, Texas Department of Criminal Justice,  Respondent. | § § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the habeas petition be summarily dismissed with prejudice as barred by the one-year statute of limitations.

**I. BACKGROUND AND PROCEDURAL HISTORY**

On April 27, 1995, Petitioner was convicted of aggravated robbery with a deadly weapon and sentenced to 50 years' imprisonment. *State v. Dabbs*, No. F94-42559 (Crim. Dist. Court No. 2, Dallas County, 1995), *aff'd*, No. 11-95-00207-CR (Tex. App. – Eastland, Jul. 18, 1996). Petitioner filed state habeas applications on April 15, 2009, and December 19, 2011. *See Ex parte Dabbs*, Nos. W94-42559-A and -B. The Texas Court of Criminal Appeals denied the first application on July 15, 2009, and dismissed the second as a successive petition on February 1, 2012. *Ex parte Dabbs*, Nos. WR-72,276-01 and -02.[1]

Thereafter, on February 28, 2012, Petitioner filed the federal petition presently at issue,

---

[1] All dates listed above were verified through information available on the Dallas County website, the Texas Court of Appeals website, and the Texas Court of Criminal Appeals website. The Court also reviewed an electronic version of the state habeas court records available through the latter.

alleging only the claims raised in his second state application. In four grounds, he claims actual innocence, prosecutorial misconduct and suppression of evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), and ineffective assistance of counsel at trial and on appeal. (Doc. 3 at 6-7).

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*. *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999). After advising Petitioner of the same, the Court granted him an opportunity to explain why the petition should not be barred by the statute of limitations or why the limitations period should be tolled on equitable grounds.

> The one-year period is calculated from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Subsection 2244(d)(1)(C) is inapplicable here because Petitioner does not base any of his claims on a new constitutional right.

Because Petitioner did not file a petition for discretionary review, his conviction became final on August 19, 1996, thirty days after his judgment was affirmed. *See* TEX. R. APP. PROC. 68.2(a); *Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 654 (2012). Thus, the one-year limitations period began running the next day, August 20, 1996, and expired one year later on August 19, 1997. Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) because he did not file his state applications until more than eleven years after the one-year period expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (statutory tolling unavailable if state habeas application is filed after one-year period has expired). Therefore, the federal petition, deemed filed as of February 23, 2012, is clearly outside the one-year statute of limitations and should be dismissed as untimely, under section 2244(d)(1)(A), absent equitable tolling.

<u>No basis for statutory tolling</u>

Petitioner asserts that he first became aware of his actual innocence and *Brady* claims in July 2011 (nearly 14 years after the one-year period elapsed), when an inmate writ writer reviewed his case and advised him to file a second state habeas petition. (Doc. 6 at 11; Doc. 10 at 3). That assertion is belied by the fact that Petitioner relies exclusively on evidence presented at trial to support both claims, however.

As basis for his actual innocence claim, Petitioner argues, in essence, that the evidence was insufficient to convict him of stealing the alleged victim's vehicle at gun point. In support of his *Brady* claim, Petitioner focuses on testimony establishing that his fingerprints were not found on the stolen vehicle. (Doc. 6 at 11). He further asserts that "the prosecutor failed to fully disclose evidence of third party guilt, thereby violating *Brady*." *Id.* He also states that

"[a]lthough the results of the fingerprint evidence were located in the State's open files, the prosecutor had a duty to fully disclose that the results of the test identified a different suspect as the gunmen." *Id.* at 12.

Petitioner wholly fails to establish that the was prevented from timely filing his Brady claim by a state-created impediment. (*See* Doc. 10 at 4). Under section 2244(d)(1)(B), the one-year limitations period begins to run on the "date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." To invoke section 2244(d)(1)(B), a petitioner must show that: "(1) he was prevented from filing a petition, (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). These requirements imply an element of causality and materiality with respect to a prisoner's ability to file his federal petition. *See Upchurch v. Thaler*, NO. 3-10-CV-0987-D, 5-6 (N.D. Tex. Jan 28, 2011) (collecting cases), *recommendation accepted*, 2011 WL 1193209 (N.D. Tex. Mar. 30, 2011). Thus, a petitioner "must also show that . . . [the impediment] actually *prevented* him from timely filing his habeas petition." *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (emphasis in original).

Here, Petitioner offers no evidence whatsoever that he was prevented from filing his *Brady* claim because of the alleged state-created impediment, to-wit: the prosecutor's failure to shed light on fingerprint evidence that Petitioner concedes was contained in the state's <u>open</u> file. Assuming *arguendo* that the prosecutor actually withheld exculpatory fingerprint evidence, such action obviously did not prevent Petitioner from filing a claim asserting the alleged *Brady* violation (he does exactly that here). Thus, Petitioner has provided nothing that demonstrates

that the alleged impediment prevented him from timely filing his federal habeas petition. *Jackson v. Dretke*, 2006 WL 536637 at *2 (N.D. Tex. 2006); *United States v. Tamfu*, 2002 WL 31452410 at *4 (N.D. Tex. 2002). Statutory tolling on the basis of a state-created impediment, as set out in section 2244(d)(1)(B), simply does not apply under the facts of this case.

Moreover, to the extent Petitioner asserts that his actual innocence and *Brady* claims are based on facts discovered outside of the limitations period, thus supporting statutory tolling, he fares no better. Under section 2244(d)(1)(D), the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented *could have been discovered through the exercise of due diligence*." 28 U.S.C. § 2244(d)(1)(D) (emphasis added); *Starns v. Andrews*, 524 F.3d 612, 618 (5th Cir. 2008) (collecting cases addressing due diligence to learn of the factual predicate for a claim). The petitioner bears the burden of establishing the applicability of section 2244(d)(1)(D), including his due diligence. *Norrid v. Quarterman*, 2006 WL 2970439, 1 (N.D. Tex. 2006).

Petitioner cannot satisfy his burden of proving that he exercised due diligence in discovering the factual predicate of his actual innocence and *Brady* claims because, as discussed previously, those claims are based on evidence introduced at trial. *See Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998) ("knowledge of the claim is the triggering event; the limitations period is not delayed while a petitioner gathers evidence in support of a claim of which he has knowledge"); *Jackson*, 2006 WL 536637 *3 (section 2244(d)(1)(D) is inapplicable if the evidence on which the petitioner relies in support of his claim was available at trial). Because Petitioner knew or should have known of the factual predicate of his claims before the limitations clock even began to run, section 2244(d)(1)(D) is also inapplicable.

No basis for equitable tolling

Because the one-year statutory deadline is not a jurisdictional bar, it is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, ___ U.S. ____, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted). "'Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate.'" *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoted case omitted).

This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling. *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir. 2007) (summarizing cases). Having squandered the entire one year period, Petitioner clearly failed to act with due diligence. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (habeas petitioner must pursue the habeas "process with diligence and alacrity"). After his conviction became final, Petitioner waited more than eleven years before he filed his first state habeas application. His lack of diligence did not end there. Following the denial of the first application, Petitioner delayed an additional two and one-half years before he filed his second state application.

Moreover, apart from generalized statements in support of equitable tolling, Petitioner does not provide a reason for the lengthy delays in his case. Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). "[E]quity is not intended for those who sleep on their rights." *Fisher v.*

*Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). In addition, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason.").

Next, Petitioner relies on the "cumulative effects of not receiving effective assistance of [trial and] appellate counsel" as a basis for equitable tolling. (Doc. 10 at 3-4; *see also* Doc. 3 at 9). Ineffective assistance of counsel, however, has no bearing on equitable tolling because it occurred either at trial or on appeal, before the date on which Petitioner's conviction became final.

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

<u>Actual innocence</u>

As noted above, Petitioner asserts that he is "actually innocent" of the underlying aggravated robbery conviction. (Doc. 3 at 6; Doc. 10. at 1-2). He contends the "fingerprint . . . evidence showed that [he] had no part in the theft and . . . the alibi witnesses clearly exonerated [him] of having part in . . . [the] robbery." (Doc. 3 at 6).

Actual innocence, however, is insufficient to warrant either statutory or equitable tolling of the AEDPA statute of limitations. "The one-year limitations period established by § 2244(d)

contains no explicit exemption for petitioners claiming actual innocence of the crimes of which they have been convicted." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). "There is no precedent in this circuit whether actual innocence may equitably toll the statute of limitations." *Prince v. Thaler*, 354 Fed. Appx. 846, 847 (5th Cir. Nov.13, 2009) (unpublished *per curiam*). Further, an "actual innocence claim . . . does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *Felder v. Johnson,* 204 F.3d 168, 170-71 (5th Cir. 2000).

In any event, Petitioner has not made a showing of actual innocence. To establish actual innocence, "the petitioner must support his allegations with new, reliable evidence that was not presented at trial and show that it was 'more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Fairman v. Anderson*, 188 F.3d 635, 664 (5th Cir. 1999) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)); *accord Finley v. Johnson,* 243 F.3d 215, 221 (5th Cir. 2001). Petitioner cannot make this showing for, as previously noted, his actual innocence claim hinges almost solely on the evidence presented at trial. He has offered no new, reliable evidence sufficient to refute the validity of his conviction.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED** with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

SIGNED September 5, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE