IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BOBBY J. DABBS, #705298,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-0597-L-BK** |
| | § | |
| **RICK THALER,** Director | § | |
| Texas Department of Criminal Justice, | § | |
| | § | |
| Respondent. | § | |

## <u>ORDER</u>

Before the court is Bobby J. Dabbs's ("Dabbs" or "Petitioner") petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 3), which is deemed filed as of February 23, 2012.  The case was referred to Magistrate Judge Renee Harris Tolliver, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on September 9, 2012, recommending that the habeas petition be dismissed with prejudice as barred by the one-year statute of limitations.

Dabbs filed objections to the Report on September 21, 2012, contending that he was unaware of his possible claim for innocence and *Brady* claim until a jail house lawyer or inmate advised him to file a second habeas petition and it is unrealistic to expect a him, as a layman, to appreciate or "intellectualize the constitutional errors" before November 4, 2011.  This is essentially the same reasoning that Dabbs argued to the magistrate judge, who noted that Dabbs's assertion in this regard is belied by the fact that he relies exclusively on evidence presented at trial to support both claims.  The magistrate judge further concluded, and the court agrees, that the statute of limitations on

Dabbs's petition expired on August 19, 1997, and thus is *clearly* outside the one-year statute of limitations.  Dabbs also contends that his counsel was ineffective; however, as correctly noted by the magistrate judge, alleged ineffective assistance of counsel has no bearing on equitable tolling because it occurred either at trial or on appeal before Dabbs's conviction became final.  As Dabbs has presented no recognized basis for equitable tolling, his claim is time barred.  The court therefore **overrules** Dabbs's objections.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court.  Accordingly, **denies** his petition for writ of habeas corpus, and **dismisses** this action **with prejudice**.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[1]  The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct

---

[1]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a)    Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    **(b)    Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).   In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case.   In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

It is so ordered this 26th day of September, 2012.

Sam A. Lindsay
United States District Judge